IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAMES CARL THOMPSON, JR.,          §
TDCJ No. 1526314,                  §
                                   §
          Petitioner,              §
                                   §
V.                                 §          No. 3:20-cv-1040-B-BN
                                   §
DIRECTOR, TDCJ-CID,                §
                                   §
          Respondent.              §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner James Carl Thompson, Jr., a Texas prisoner, filed a *pro se* 28 U.S.C.

§ 2254 application for a writ of habeas corpus collaterally attacking his Johnson

County convictions for sexual assault of a child and the revocation of his parole from

a separate Johnson County conviction for burglary. *See* Dkt. No. 3.

United States District Judge Jane J. Boyle referred the habeas petition to the

undersigned United States magistrate judge for pretrial management under 28

U.S.C. § 636(b) and a standing order of reference.

The State responded, arguing that the Court lacks jurisdiction over the habeas

claims concerning the sexual-assault-of-a-child convictions, because Thompson has

discharged those sentences, and that the remaining habeas claims are unexhausted

and now procedurally barred. *See* Dkt. No. 21. And Thompson replied. *See* Dkt. No.

23.

The undersigned enters these findings of fact, conclusions of law, and

recommendation that the Court should deny federal habeas relief.

**Applicable Background**

Thompson pled guilty pursuant to a plea agreement to five counts of sexual assault of a child and received concurrent sentences of 10 years of imprisonment. *See State v. Thompson*, No. F42755 (249th Jud. Dist. Ct., Johnson Cnty., Tex. Aug. 21, 2008); Dkt. No. 21-1 at 10-17. The same day, he was sentenced to 12 years of imprisonment after being convicted of burglary of a habitation. *See State v. Thompson*, No. F42677 (249th Jud. Dist. Ct., Johnson Cnty., Tex. Aug. 21, 2008); Dkt. No. 21-2 at 3. Thompson did not appeal.

Thompson was released from the custody of the Texas Department of Criminal Justice (TDCJ) to parole on October 21, 2014. *See* Dkt. No. 21-2 at 4. His parole was ultimately revoked on May 8, 2019, and he was returned to TDCJ custody on May 31, 2019. *See id.* But, before that, he discharged his sexual assault convictions, on April 5, 2018. *See id.* at 3.

After his return to TDCJ custody, Thompson filed two state habeas applications – the first challenging his parole revocation and claiming he was innocent of the sexual assault convictions; the second challenging his parole revocation (again) and the denial of his street time – and the Texas Court of Criminal Appeals (the CCA) denied the first without written order and the second as a subsequent application. *See Ex parte Thompson*, WR-90,220-01 (Tex. Crim. App. Oct. 21, 2019); *Ex parte Thompson*, WR-90,220-02 (Tex. Crim. App. Jan. 8, 2020); Dkt. No. 21-1.

This Section 2254 application followed. In it, Thompson again challenges the

sexual assault convictions and raises two new claims: that he is being falsely imprisoned under Texas Government Code Section 508.283(b) and that he was refused medical attention for over 16 hours. *See* Dkt. No. 3.

## Legal Standards and Analysis

A federal court lacks subject matter jurisdiction to entertain a habeas petition if, at the time it is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *See* 28 U.S.C. § 2241(c); 28 U.S.C. § 2254(a); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989). A prisoner need not be physically confined to be "in custody" for the purposes of habeas relief. But, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *see also Hendrix*, 888 F.2d at 337-38 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of Section 2254).

Because Thompson fully discharged his sexual assault convictions in 2018, the Court lacks jurisdiction over his Section 2254 claims regarding these convictions, even if the expired convictions may have affected, in part, a current claim based on the parole revocation. *Compare* Dkt. No. 21-2 ("Because Offender Thompson had prior convictions for an offense listed under Texas Government Code Section 508.149(a)(6) (sexual assault of a child), he forfeited the time spent on supervision: 3 years and 27

days." (citing TEX. GOV'T CODE § 508.283(b); citations omitted)), *with Faircloth v. Lawson*, No. 3:19-cv-1988-B-BN, 2019 WL 5580140, at \*1 (N.D. Tex. Aug. 21, 2019) ("Faircloth states that in December 2004 he pled guilty to possession of child pornography and was sentenced to five years deferred adjudication probation. *See* Dkt. No. 3 at 3, 5-6. He further alleges that he successfully completed probation in December 2009. *See id.* at 5. He is therefore not 'in custody' under the Dallas County convictions that resulted in the requirement that he register as a sex offender. And the registration requirement is not itself enough to give the Court jurisdiction over his habeas application." (citing *Puckett v. Powers*, Civ. A. No. 10-1066, 2011 WL 794898, at \*1 (E.D. La. Jan. 27, 2011) ("It is well-established that federal courts may entertain habeas corpus petitions only from persons 'in custody.' 28 U.S.C. §§ 2241(c) and 2254(a). It is likewise well-established that a requirement that one register as a sex offender 'does not render a person 'in custody' for habeas corpus purposes.'" (collecting cases)), *rec. adopted*, 2011 WL 794861 (E.D. La. Feb. 28, 2011); *Johnson v. Davis*, 697 F. App'x 274, 275 (5th Cir. 2017) (per curiam) ("To the extent that Johnson sought to challenge his 1976 convictions and those sentences were discharged, the district court lacked jurisdiction to consider the § 2254 application because Johnson was not 'in custody' for purposes of § 2254. The fact that Johnson is required to register as a sex offender as a result of his 1976 convictions does not mean that he is 'in custody' within the meaning of § 2254." (citations omitted)); *Barrientos v. Dallas Cnty. Dist. Attorney's Office*, No. 3:12-cv-4753-O-BN, 2013 WL 1499382, at \*2 (N.D. Tex. Jan. 18, 2013) ("Although Petitioner's present confinement for failure to register

as a sex offender would not have been possible without the underlying indecency convictions, that fact is insufficient to provide subject matter jurisdiction over his challenge to the 2006 convictions." (citing *Tello v. Thaler*, No. 3:12-cv-3716-L-BH, 2012 WL 4932172, at *1-*2 (N.D. Tex. Sept. 14, 2012), *rec. adopted*, 2012 WL 4930085 (N.D. Tex. Oct. 17, 2012))), *rec. adopted*, 2013 WL 1501623 (N.D. Tex. Apr. 12, 2013))), *rec. accepted*, 2019 WL 5579151 (N.D. Tex. Oct. 28, 2019).

And Thompson failed to submit to the CCA the factual and legal basis of either remaining Section 2254 claim.

"[S]tate courts play the leading role in assessing challenges to state sentences based on federal law." *Shinn v. Kayer*, 141 S. Ct. 517, 526 (2020) (per curiam). A state petitioner must therefore fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Loynachan v. Davis*, 766 F. App'x 156, 159 (5th Cir. 2019) ("A federal court may not grant habeas relief unless the petitioner 'has exhausted the remedies available in the courts of the State.'" (quoting 28 U.S.C. § 2254(b)(1)(A))).

This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989).[1]

---

[1] *See also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (quoting, in turn, *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))); *Loynachan*, 766

Texas prisoners must present their claims to the CCA in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). "A petitioner need merely press a claim through one of these avenues to exhaust that claim. [But, t]o exhaust a claim, it must also be presented in a procedural context in which state courts necessarily review the claim on the merits." *Loynachan*, 766 F. App'x at 159 (citations omitted); *see also Campbell v. Dretke*, 117 F. App'x 946, 957 (5th Cir. 2004) ("'The exhaustion requirement is satisfied when the substance of the habeas claim has been fairly presented to the highest state court' so that a state court has had a 'fair opportunity to apply controlling legal principles to the facts bearing on the petitioner's constitutional claim.'" (quoting *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004))).

And unexhausted claims should be found procedurally barred if "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Texas law precludes successive habeas claims except in narrow circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4. This is a codification of the judicially

---

F. App'x at 159 ("To determine whether a § 2254 petitioner has exhausted a claim, his federal claim should be compared with the claim he raised in state court 'It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.' 'Rather, the petitioner must afford the state court a "fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim."' This reflects the fact in the habeas system, state courts are provided the first opportunity to assess the claim." (citations omitted)).

created Texas abuse-of-the-writ doctrine. *See Barrientes v. Johnson*, 221 F.3d 741, 759 n.10 (5th Cir. 2000). Under this state law, a habeas petitioner is procedurally barred from returning to the Texas courts to exhaust his claims unless the petitioner presents a factual or legal basis for a claim that was previously unavailable or shows that, but for a violation of the United States Constitution, no rational juror would have found for the State. *See id.* at 758 n.9.

Therefore, unexhausted claims that could not make the showing required by this state law would be considered procedurally barred from review on the merits in this Court unless an exception is shown. *See Beazley v. Johnson*, 242 F.3d 248, 264 (5th Cir. 2001).

An exception to this procedural bar allows federal habeas review if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. But Thompson has not shown that either claim would now be allowed in a subsequent habeas proceeding in state court under Texas law or otherwise shown that "cause for the default and actual prejudice exist." Nor has Thompson shown that the "fundamental miscarriage of justice" exception to procedural bar applies.

And, as to the conditions of confinement claim Thompson now makes in the Section 2254 application, "the Great Writ does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of confinement." *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) ("As we noted in *Carson v. Johnson*,

'[i]f "a favorable determination ... would not automatically entitle [the prisoner] to accelerated release," ... the proper vehicle is a § 1983 suit.' 112 F.3d 818, 820-21 (5th Cir. 1997) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)). Both *Carson* and *Orellana* dealt with parole procedures that, if modified by the courts, would enhance a prisoner's eligibility for release but not compel that result."); *see also Umarbaev v. Moore*, No. 3:20-cv-1279-B, 2020 WL 3051448, at *4 (N.D. Tex., Jun. 6, 2020) ("[T]he 'simple, bright-line rule' adopted by the Fifth Circuit – that habeas is the proper vehicle where a favorable determination would result in accelerated release – is limited to a petitioner challenging a condition or procedure 'that affects the timing of his release from custody.'" (quoting *Carson*, 112 F.3d at 820-21)); *Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1998) ("We have explained that although a § 1983 suit can be used to challenge unconstitutional parole procedures, when a prisoner challenges the result of a specific defective parole hearing or the board's rules and procedures that affect his release, and resolution would automatically entitle him to accelerated release, then the challenge must be pursued in a habeas corpus proceeding." (citing *Orellana*; *In re Cain*, 137 F.3d 234 (5th Cir. 1998))).

## Recommendation

The Court should deny the application for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 24, 2021

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE